UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIWANDA COATES,<br><br>Plaintiff,<br><br>- against -<br><br>GC SERVICES LIMITED PARTNERSHIP,<br>GC SERVICES FINANCIAL CORP,<br>DLS ENTERPRISES, INC.<br><br>Defendants. | Civil Action No. 11-3565 (SDW)<br><br>Hon.<br><br>**ORIGINAL CLASS<br>ACTION COMPLAINT** |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

### NATURE OF ACTION

1. This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. The street and post office address of Plaintiff Kiwanda Coates is 389 Orange Rd., Montclair NJ, 07042. The address of all three Defendants' principal place of business is 6330 Gulfton St., Houston, TX 77081.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where Defendants reside in this State and this district, where acts and transactions giving rise to Plaintiff's action occurred in this State and this district, and where Defendants transact business in this State and this district.

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

## PARTIES

4.  Plaintiff, Kiwanda Coates ("Plaintiff") is natural person who at all relevant times resided in the State of New Jersey, County of Essex.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  Defendant, GC Services Limited Partnership is a limited partnership formed under the laws of Delaware. GC Services Limited Partnership is registered to do, and doing, business in this district. GC Services Limited Partnership's principal office and place of business is situated at 6330 Gulfton St., Houston, TX 77081-1108. GC Services Limited Partnership is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). GC Services Limited Partnership may be served by and through its registered agent, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

7.  Defendant GC Financial Corp. is a foreign for-profit corporation and the general partner of GC Services Limited Partnership. GC Financial Corp. is registered to do, and doing, business in this district. GC Financial Corp.'s principal office and principal place of business is situated at 6330 Gulfton St., Houston, TX 77081. GC Financial Corp. may be served by and through its registered agent, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

8.  Defendant DLS Enterprises, Inc., doing business under the assumed fictitious name GC Services Corp., is a foreign for-profit corporation and the general partner of GC Services Limited Partnership. DLS Enterprises, Inc., is registered to do business in this district. DLS Enterprises, Inc.'s principal place of business and principal office is situated at 6330 Gulfton St., Houston, TX 77081. DLS Enterprises, Inc., may be served by and through its

registered agent, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

9. Defendants, GC Financial Corp., and DLS Enterprises, Inc., shall be referred to hereafter as the "General Partners."

10. Under Delaware partnership law and the Uniform Limited Partnership Act §403 (amended 1985), the General Partners are vicariously liable for the acts of GC Services Limited Partnership, the limited partnership. Delaware partnership law provides that "all partners are liable . . . [j]ointly and severally for everything chargeable to the partnership. . . ." Del. Code. Ann. tit. 6, §1515(a). GC Services Limited Partnership mails hundreds of thousands of collection letters per month in its third party collection program, which is clearly within the scope the partnership's business. Accordingly, the General Partners are jointly and severally liable for the acts and omissions of GC Services Limited Partnership out of which Plaintiff's claims arise. *See e.g. Randle v. GC Services, LP*, 25 F.Supp.2d 849, 851-52 (finding that the general partners of GC Services Limited Partnership — GC Financial Corp., and DLS Enterprises, Inc., are vicariously liable for the acts of GC Services under general principles of partnership law and Delaware partnership law). *See also Peters v. AT&T Corp.*, 43 F.Supp.2d. 926, 929 (N.D. Ill. 1999) (same).

11. Accordingly, GC Services Limited Partnership, GC Financial Corp., and DLS Enterprises, Inc., may be collectively referred to herein as "Defendant."

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16. On or about April 5, 2011, Defendant initiated a telephone call to Plaintiff's telephone line, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> Hello this message is for Kiwanda Coates my name is Margaret. I'm calling in reference to US number 607579. Ma'am it is important that you return this call immediately. 1 (800) 504-0227. You can reach me at extension 4740.

**Audio CD attached hereto as Exhibit 1.**

17. On or about April 7, 2011, Defendant initiated a telephone call to Plaintiff's telephone line, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> Hi this message is for Kiwanda Coates. I'm calling in reference to US number 675, I mean 607579. Ma'am this is a courtesy call, uh we do still have time to stop this process. Uh, Give me a call

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

4

> back, my name is Margaret. 1 (800) 504-0227. You can reach me at extension 4703. I need to speak with you today. I will be in my office until 5:00PM standard eastern time. Thank you.

**Audio CD attached hereto as Exhibit 2**.

18. On or about April 15, 2011, Defendant initiated a telephone call to Plaintiff's telephone line, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, and left a voice message/voice recording stating:

> Hi Ms. Coates this is Margaret I have been trying to speak to you regarding US number 607579. Ma'am this is your last day to handle this matter on a voluntary basis. Um, I can be reached at 1 (800) 504-0227, my extension is 4703. I will be in my office today until 5:00PM standard eastern time.

**Audio CD attached hereto as Exhibit 3**.

19. Defendant, as a matter of pattern and practice, leaves voice messages/voice recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized by Defendant in leaving a voice message/voice recording with and/or for Plaintiff.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in New Jersey who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any consumer debt, where the voice message/voice recording was substantially similar or materially identical to the messages delivered to Plaintiff.

21. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge,

the Judges of the United States Court of Appeals for the Third Circuit and the Justices of the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

22. The class is averred to be so numerous that joinder of members is impracticable.

23. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

24. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

25. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 *et seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

26. The claims of Plaintiff are typical of those of the class she seeks to represent.

27. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

28. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

29. Plaintiff will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

30. Plaintiff is willing and prepared to serve this Court and proposed class.

31. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

32. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

33. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

34. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

37. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

39. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

40. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose

of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

41. A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt." *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

42. "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'" *Hosseinzadeh*, 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

43. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692d(6).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

f.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

44.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43.

45.  15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (11) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

46.  "It is a violation to send any communication that conveys to the consumer a false sense of urgency." *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D. N.Y. 2006), *citing* Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988); *see also Romine v. Diversitied Collection Servs.*, 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

47.  Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiff voice messages not only vague enough to provoke a recipient to return the calls in haste, but which would deceptively entice a consumer to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692e(10).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 47.

49. 15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*  \*  \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

11

15 U.S.C. § 1692e(11).

50. Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008), citing *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

51. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692e(11).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury on all counts.

Dated: June 17, 2011

Respectfully submitted,

WEISBERG & MEYERS, LLC

By: /s/ Dennis R. Kurz
Dennis R. Kurz
NJ Bar No. 02645.2001
dkurz@attorneysforconsumers.com
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone:   (888) 595-9111
Facsimile:   (866) 842-3303

*Attorneys for Plaintiff*
KIWANDA COATES

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (888) 595-9111